**Calvin LONTOH; Frice Gerungan; Nathania Lontoh, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–72201.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2008.*

Filed Oct. 24, 2008.

Albert C. Lum, Esquire, Law Office of Albert C. Lum, Las Vegas, NV, for Petitioners.

Stephen J. Flynn, Senior Litigation Counsel, Jennifer L. Lightbody, Esquire, OIL, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, NVL–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Las Vegas, NV, for Respondent.

Before: LEAVY, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM **

Calvin Lontoh, his wife and daughter, all natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

The agency denied Lontoh's asylum application claim as time-barred. Lontoh does not challenge this finding in his opening brief.

We deny the petition with respect to Lontoh's withholding of removal claim because substantial evidence supports the agency's finding that Lontoh did not establish past persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003). Further, even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004) applies in the context of withholding of removal, Lontoh has not demonstrated that it is more likely than not that he will be persecuted if returned to Indonesian. *See id.* at 1184–85. The record also does not compel the conclusion that Lontoh established a pattern or practice of persecution of Christians in Indonesia. *See Lolong,* 484 F.3d at 1178–81.

Finally, substantial evidence supports the agency's CAT denial because he failed to demonstrate that it is more likely than not that he will be tortured if he returns to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.